Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESITA PALCES, individually and behalf of others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>FRANKLIN COLLECTION SERVICES, INC.,<br>     Defendant.<br>_____/ | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692)**<br><br>**JURY TRIAL DEMAND** |

## I.  INTRODUCTION

1.  In this case, Plaintiff seeks to invoke federal law to curb the practices of Defendant, a debt collector, from sending collection letters that overshadow and contradict the validation requirements of 15 U.S.C. § 1692g.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## II.  JURISDICTION AND VENUE

2.  Jurisdiction is conferred on the Court by 15 U.S.C. § 1692k; 28 U.S.C. § 1331, 1367.

## III.  PARTIES

4.  Plaintiff Teresita Palces ("Ms. Palces") is 67 years old, a natural person, who resides in San Mateo county.  She receives poverty level income as a part-time caregiver.

5.  Defendant is debt collector within the FDCPA.

6.  Defendant is a corporation with its principal office located at 2978 West Jackson

St., PO Box 3910, Tupelo, Mississippi 38801.

## IV.  FACTUAL ALLEGATIONS

7.     Plaintiff incurred a consumer debt in the alleged principal sum of $377.93 to"ATT".

8.     The debt was assigned to Defendant for collection.

9.     Defendant sent its initial collection letter to Plaintiff in an effort to collect the debt.  The letter is dated February 23, 2011.  A copy is attached as Exhibit A.

10.     The letter set forth the validation notice required by 15 U.S.C. § 1692g.

11.     The validation notice is overshadowed and contradicted by language in the letter that states:

**IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, IF ANY OR CALL (888) 215-8961.**

12.     The language in Defendant's letter would mislead the least sophisticated debtor as to debtor's rights and therefore undermine the effectiveness of the validation notice.

13.     Defendant violates 15 U.S.C. § 1692e, 15 U.S.C.e(10), and 15 U.S.C.g.

14.     The collection letter is a form letter as evidenced by the type style and United States Postal Service mailing bar.  The letter is the same or similar to the letter sent to the putative class.

15.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of Plaintiff and the putative class.

## V.  FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
(Violation of the Federal Fair Debt Collection Practices Act)

16.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.     Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

18.     Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

COMPLAINT                                                            TERESITA PALCES V. FRANKLIN
                                                                              COLLECTION SERVICES

19.     Exhibit A sent to the Plaintiff by Defendants is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

20.     Defendant violated the FDCPA as to the Plaintiff and the class.  Defendants' violations include violations of 15 U.S.C. § § 1692e, 1692e(10) and 1692g as evidenced by the following conduct:

(a)     Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt by overshadowing and contradicting the validation notice required by 15 U.S.C. § 1692g;

(b)     Using unfair or unconscionable means to collect or attempt to collect an alleged debt; and

(c)     Failing to provide the consumer with an effective validation notice,

21.     Defendants' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of inducing Plaintiff to pay the debt.

22.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff and members of the class for statutory damages and attorney's fees and costs.

## VI.  CLASS ALLEGATIONS

23.     This action is brought as a class action.  Plaintiff defines the class as (i) all persons with addresses within the state of California (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) or similar to Exhibit A to recover a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time one year prior to the filing of this Complaint through the date of class certification.

24.     The class is so numerous that joinder of all members is impractical.

25.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  The principal issue is whether Defendant violated the FDCPA as alleged in Plaintiff's First Cause of Action herein.

26.     There are no individual questions, other than whether a class member was sent a

letter in the form of <u>Exhibit A</u> or similar to Exhibit A, which can be determined by ministerial inspection of Defendant's records.

27.     Plaintiff will fairly and adequately protect the interests of the class.

28.     Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

29.     The questions of law and fact common to the class predominate over any issues involving only individual class members.  The principal issue is whether Defendant's letter in the form of <u>Exhibit A</u> or similar to Exhibit A violates the FDCPA.

30.     Plaintiff's claims are typical of the claims of the class, which all arise from the same operative acts and are based on the same legal theories.

31.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00.  Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

32.     As a result of Defendant's violations of the FDCPA, Plaintiff and the class are entitled to an award of statutory damages, costs and reasonable attorney's fees.

## VII.  <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

A.     That an order be entered certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the class;

B.     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

C.     That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(3);

D.     That the Court grant such other and further relief as may be just and proper

including punitive damages and injunctive relief.

Dated: _____          _____/s_____

Irving L. Berg

## VIII.  <u>JURY DEMAND</u>

Plaintiff hereby demands that this case be tried before a jury.

Dated: _____          ___/s/_____
Irving L. Berg
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, CA 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEY FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

Case 3:11-cv-01423-SI   Document 1   Filed 03/24/11   Page 7 of 7

IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, IF ANY OR CALL (888) 215-8961.

#### **** IT WILL BE PURSUED TO A CONCLUSION!****

UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE THAT THE DEBT, OR ANY PART THEREOF, IS DISPUTED THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

YOU MAY PAY BY CHECK OVER THE PHONE BY CALLING 888-215-8961 HAVE YOUR CASE NUMBER AND CHECKING ACCOUNT NUMBER READY WHEN YOU CALL OR YOU MAY PAY BY CREDIT CARD BY COMPLETING THE BACK SIDE OF THIS NOTICE.

FOR YOUR CONVENIENCE YOU MAY PAY BY PHONE 24 HOURS A DAY, 7 DAYS A WEEK.  CALL 866-319-0760 WITH YOUR CHECK OR CREDIT CARD INFORMATION READY TO COMPLETE YOUR PAYMENT TRANSMITTAL.

DON'T WANT TO TALK TO A LIVE CASE WORKER? GO TO WWW.FRANKLINSERVICE.COM TO CHAT WITH A LIVE REPRESENTATIVE.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

BUSINESS HOURS: MON-SAT 8 A.M. - 9 P.M. CST

REGARDS,


FRANKLIN COLLECTION SERVICE, INC.

Plaintiff's Exhibit

A

Form B2-01